UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN PAGANO,                        :
                                                Civil Action No. 07-1698 (RMB)
            Plaintiff,    :

        v.                          :   **OPINION AND ORDER**

MARIO STRACCIALINI et al,   :

            Defendants.   :


Appearances:

George R. Szymanski, Esquire
Law Offices of George R. Szymanski
1370 Chews Landing Road
Laurel Springs, New Jersey 08021
(856) 232-9828
        Attorney for Plaintiff

David Peter Karamessinis, Esquire
Francis R. Gartner & Associates
1500 Market Street, West Tower, Suite 2920
Philadelphia, Pennsylvania 19102
267-675-3028
        Attorney for Defendants

**BUMB,** United States District Court

    THIS MATTER comes before the Court upon Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

    In response, Plaintiff John Pagano consented to the dismissal of his 42 U.S.C. §§ 1981, 1985 and 1986 claims. Accordingly, these claims will be dismissed.  What remains, then, are Plaintiff's § 1983 claims against Defendants Mario

Straccialini and Gloucester Township, and Plaintiff's common law claims against Defendant Straccialini.

**Standard of Review**

The standard for a Rule 12(c) motion is identical to a 12(b)(6) motion. Rinaldo v. Komar, 2007 U.S. Dist. LEXIS 2657 at *6 (D.N.J. Jan 12, 2007) ("the difference between Rules 12(b)(6) and 12(c) is purely procedural, as the same standards govern both motions") (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Spruill v. Gillis, 372 F.3d 218, 223 n. 2 (3d Cir. 2004)).  Thus, the Court will look to the analogous 12(b)(6) standard.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)(internal citations omitted).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,...a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

2

the elements of a cause of action will not do." <u>Id.</u> (internal citations omitted).

A district court must accept any and all reasonable inferences derived from those facts. <u>Unger v. Nat'l Residents Matching Program</u>, 928 F.2d 1392 (3d Cir. 1991); <u>Glenside West Corp. v. Exxon Co., U.S.A.</u>, 761 F. Supp. 1100, 1107 (D.N.J. 1991); <u>Gutman v. Howard Sav. Bank,</u> 748 F. Supp. 254, 260 (D.N.J. 1990). Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." <u>Twombly</u>, 127 S. Ct. at 1974. Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. <u>Chester County Intermediate Unit v. Pennsylvania Blue Shield</u>, 896 F.2d 808, 812 (3d Cir. 1990).

**§ 1983 Claims**

With respect to Plaintiff's § 1983 claims against Defendant Gloucester Township, Plaintiff has sufficiently pled a failure to train. See, e.g., City of Canton v. Harris, 489 U.S. 378, 388 (1989). However, to the extent Plaintiff's Complaint can be read to allege liability against Gloucester Township under a theory of respondeat superior, such claim will be dismissed for failure to state a claim. Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory").

With respect to Plaintiff's § 1983 claims against Defendant Straccialini, these claims are properly analyzed under the Fourth Amendment alone, not the Fifth, Eighth or Fourteenth Amendments. Plaintiff alleges that Defendant Straccialini "assaulted and battered" him and arrested him without probable cause. (Compl. at ¶ 11). Given the allegations in the Complaint and the context in which the facts are alleged, it appears to this Court that the claims are limited to claims based on arrest without probable cause and use of excessive force in the arrest.[1] Accordingly, these claims go to Plaintiff's Fourth Amendment right to be free of illegal search and seizure. Contrary to Plaintiff's argument,

---

[1] In other words, to the extent Plaintiff is alleging that excessive force was used outside the arrest, it is not clear from the face of the Complaint and, thus, Plaintiff will need to seek leave to amend his Complaint, if he so desires.

4

the Eighth Amendment does not apply to Plaintiff's situation because he was not a convicted person. <u>Whitley v. Albers</u>, 475 U.S. 312, 318 (1986) ("The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes' and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associate with criminal prosecutions'") (quoting <u>Ingraham v. Wright</u>, 430 U.S. 651, 664, 671, n. 40 (1977)).

Moreover, because Plaintiff's claims concerning excessive force and lack of probable cause derive from the protection specifically provided by the Fourth Amendment, he has no separate substantive due process claims under the Fifth Amendment or Fourteenth Amendment. <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989). The Supreme Court has explicitly held that

> all claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. <u>Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims</u>.

<u>Id.</u> at 395 (emphasis added); <u>see also</u> <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843 (1998) (noting that "outside the context of a seizure, ...a person injured as a result of police misconduct may prosecute a substantive due process claim under

5

section 1983") (quoting Evans v. Avery, 100 F.3d 1033, 1036 (1st Cir. 1996)) (internal quotations omitted).

Additionally, with regard to Plaintiff's allegation of malicious prosecution, the Supreme Court declined "to recognize a substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause[,]" instead suggesting that such allegations would more appropriately be brought under the Fourth Amendment. Albright v. Oliver, 510 U.S. 266, 268 (1994); see also DiBella v. Borough of Beachwood, 407 F.3d 599, 601-602 (3d Cir. 2005) (noting that "[t]he Supreme court rejected Albright's Section 1983 malicious prosecution claim based on the Fourteenth Amendment's Due Process Clause...[and] suggested malicious prosecution could be based on a violation of the Fourth Amendment"). Thus, Plaintiff's malicious prosecution claim must be based on a violation of the Fourth Amendment if it is to succeed.[2]

Accordingly, Plaintiff's § 1983 claims against Defendant Straccialini are limited to the Fourth Amendment.

---

[2] The Third Circuit has interpreted Albright to imply that "prosecution without probable cause is not, in and of itself, a constitutional tort. Instead, the constitutional violation is the deprivation of liberty accompanying the prosecution. Thus, ...a plaintiff asserting a malicious prosecution claim must show some deprivation of liberty consistent with the concept of 'seizure.'" Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998) (internal quotations omitted) (emphasis added).

6

**Common Law Claims**

Finally, Defendants contend that Plaintiff failed to comply with the New Jersey Torts Claim Act, N.J.S.A. 59:1-1 et seq., which requires that a notice of tort claim be filed with the public entity no later than ninety days after the alleged incident.  Although this argument may more properly be filed as a motion for summary judgment, at this juncture, based upon the information provided by Plaintiff, the Court cannot find that Plaintiff has failed to comply with the New Jersey Torts Claim Act and is therefore not entitled to relief.

**Conclusion**

Accordingly, for the foregoing reasons,

IT IS ON THIS **12th** day of **December** 2007;  **ORDERED** that Defendant's motion for judgment on the pleadings is **DENIED**, in part, and **GRANTED**, in part.  Plaintiff's claims under 42 U.S.C. §§ 1981, 1985 and 1986 are **DISMISSED**.  Plaintiff's claims under 42 U.S.C. § 1983 ((5th, 8th, and 14th Amendments) and (respondeat superior)) are **DISMISSED**.  All other claims survive.

                                            s/Renée Marie Bumb
                                            Renée Marie Bumb
                                            United States District Judge